IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM FRANCHISE GROUP, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>ARIC K. PERMINTER, et al.,<br><br>            Defendants. | Case No. 21-cv-08684-CRB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION** |

Plaintiff Millennium Franchise Group ("Millennium") brings various causes of action against Defendants Aric K. Perminter ("Aric K."), Aric D. Perminter ("Aric D."), and Lynx Technologies Partners ("Lynx") (collectively, "Defendants") stemming from alleged embezzlement. First Am. Compl. ("FAC") (dkt. 11).

Plaintiff now moves to serve Aric D. by publication. Mot. (dkt. 41). Defendants do not respond. As explained below, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court DENIES Plaintiff's motion.

## I. BACKGROUND

Plaintiff Millennium is an active limited liability company that conducts business in the State of California. FAC ¶ 1. Defendant Lynx is a limited liability company in the State of New York. Id. ¶ 2. Defendant Aric K. is a resident of the State of Pennsylvania and is the chairman of the board, founder, and advisor of Lynx. Id. ¶ 3. Defendant Aric D. is a resident of the State of Pennsylvania and was an employee of Lynx. Id. ¶ 4. Millennium alleges that, while conducting business with Lynx, Aric D. and Aric K. stole $87,657.65. Id. ¶ 11–16.

Millennium filed an amended complaint, alleging that Defendants embezzled funds and bringing causes of action for concealment, conversion, breach of contract, unjust enrichment, breach of fiduciary duty, constructive fraud, and negligence. FAC ¶¶ 24–66.

While Plaintiff served Aric K. and Lynx, it has been unable to serve Aric D. since filing the complaint. In March and April 2022, two service processers attempted service at Lynx's business address. Hubins Decl. (dkt 42) ¶ 5–6. In July 2022, a third unsuccessful attempt was made at a Pittsburgh address found by the process server, where management told the server that Aric D. was a former tenant. Id. ¶ 8. Finally, Plaintiff's counsel states that "Westlaw public records and a general Google search" did not yield a different address. Id. ¶ 11.

Plaintiff moves to serve Aric D. by publication. Mot. Plaintiff states that because it made three unsuccessful attempts to serve Aric D., service cannot be made personally upon him. Id.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) states that service may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law where "it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article" and "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. Proc. § 415.50(a).

## III. DISCUSSION

The Court denies Millennium's motion to serve Aric D. by publication, without prejudice to a future motion, provided that Millennium makes further efforts to serve Aric D., as suggested herein.

Service by publication is permissible under California law where: (1) "the party to be served cannot with reasonable diligence be served in another manner"; and (2) "[a]

cause of action exists against the party." Cal. Code Civ. Proc. § 415.50(a). In the FAC, Millennium states a cause of action against Aric D. for embezzlement. See FAC. The question for the Court, therefore, is whether Aric D. "cannot with reasonable diligence be served in another manner" pursuant to California law. See Cal. Code Civ. Proc. § 415.50(a).

To determine whether a plaintiff has exercised "reasonable diligence," a court must examine the affidavit required by the statute to see whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978); see also Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995) ("The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). Because of due process concerns, service by publication is allowed "only as a last resort." Id. Therefore, "[b]efore allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392–93 (1988). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by publication. Donel, 87 Cal. App. 3d at 333.

Here, Millennium fails to demonstrate that it "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." See id. Although Millennium attempted personal service more than once through a process server and conducted an Internet search, it did not pursue other avenues, e.g., contacting Aric D.'s relatives or search city and telephone directories for his name. See Watts, 10 Cal. 4th at 749 n.5 (noting that "likely sources of information" that "must be searched before resorting to service by publication" include inquiry of relatives, city and telephone directories, voter registries, and so forth). Moreover, Millennium has not demonstrated that Aric D. "cannot with reasonable diligence be served in another manner specified in

3

[Chapter 4, Article 3 of the California Code of Civil Procedure]." Cal. Code Civ. Proc. § 415.50(a). For example, service by mail at the Pittsburgh address could have resulted in the summons being forwarded to Aric D.'s current address, or Millennium could have obtained the forwarding address. Because "it is generally recognized that service by publication rarely results in actual notice," Millennium has not demonstrated that service by publication is the last available option. See Espindola, 199 Cal. App. 3d at 1393.

Accordingly, because Millennium has not exhausted "all myriad . . . avenues" to warrant this "last resort" method of service, the Court denies the motion for service by publication. See Donel, 87 Cal. App. 3d at 333.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for service by publication. The Court's denial is without prejudice to a future motion, provided that Millennium makes further efforts to serve Aric D., as suggested herein.

**IT IS SO ORDERED.**

Dated: February 28, 2023

CHARLES R. BREYER
United States District Judge