IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM FRANCHISE GROUP, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>ARIC K PERMINTER, et al.,<br><br>           Defendants. | Case No. 21-cv-08684-CRB<br><br>**ORDER DENYING MOTION FOR SANCTIONS** |

Plaintiff Millennium Franchise Group ("Millennium") brings various causes of action against Defendants Aric K. Perminter ("Aric K."), Aric D. Perminter ("Aric D."), and Lynx Technologies Partners ("Lynx") (collectively, "Defendants") stemming from alleged embezzlement. Am. Compl. (dkt. 11).

Defendants bring this motion for sanctions, arguing that Millennium violated Federal Rule of Civil Procedure Rule 11(b) by refusing to withdraw or correct the allegedly false statements in the First Amended Complaint, and by moving for default based on improper service. Mot. (dkt. 60).

For the reasons discussed below, finding this case suitable for resolution without oral argument under Civil Local Rule 7-1(b), the Court DENIES Defendants' motion for sanctions.

**I.    BACKGROUND**

   **A.    Factual Allegations**

Millennium is an active limited liability company that conducts business in the State of California. Am. Compl. ¶ 1. Millennium also does business as Hacking Solutions. Id.

¶ 8. Anthony Beaman ("Beaman") is its founder and President. Id. Defendant Lynx is a limited liability company in the State of New York. Id. ¶ 2. Defendant Aric K. is a resident of the State of Pennsylvania and is the chairman of the board, founder, and advisor of Lynx. Id. ¶ 3. Defendant Aric D. is a resident of the State of Pennsylvania and was an employee of Lynx. Id. ¶ 4.

Beaman and Aric K. opened a JP Morgan Chase ("JPMC") bank account to process and pay Hacking Solutions' payroll. Id. ¶ 11. They were each a signatory to the account. Id. ¶ 12. Millennium alleges that Beaman later discovered that Aric K. and Aric D. secretly opened a Bank of America ("BOFA") bank account under Millennium's name without authorization. Id. ¶ 12. Aric K. and Aric D. then instructed Millennium's clients to make payments to the unauthorized BOFA account, not the authorized JPMC account as Beaman and Aric K. had agreed. Id. ¶ 15. Defendants then wrote checks to themselves from the unauthorized BOFA account, stealing $87,657.65 from Millennium. Id. ¶ 16.

### B. Procedural History

Millennium initially sued in Alameda County Superior Court. Notice of Removal (dkt. 1). Pursuant to 28 U.S.C. § 1332, Defendant Bank of America removed the action to this Court.[1] Id. Millennium then filed an amended complaint, alleging that Defendants embezzled funds and bringing causes of action for concealment, conversion, breach of contract, unjust enrichment, breach of fiduciary duty, constructive fraud, and negligence. Am. Compl. ¶¶ 24–66.

On January 4, 2023, Millennium moved for an entry of default against Aric K. and Lynx. Mot. for Entry of Default (dkt. 38). Millennium asserted that Aric K. and Lynx failed to respond to the complaint served on April 25, 2022. Id. The Court entered default against Aric K. and Lynx on January 5, 2023. Entry of Default (dkt. 40).

On January 17, 2023, Defendants moved to vacate the default. Motion to Vacate (dkt. 45). Defendants contended that service on them had not been perfected, and

---

[1] While Bank of America was a named defendant in the prior complaint, Millennium has since dismissed it from the action. See Am. Compl.

2

1  Millennium filed Proofs of Service based on the invalid service attempts and then sought
2  defaults improperly. Id. at 2.
3   A week before the hearing on the motion to vacate, the parties stipulated that the
4  defaults be set aside and vacated. Order on Stipulation (dkt. 57). This motion followed.

## II.   LEGAL STANDARD

Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). Sanctions should not be imposed "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted." Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1513, 1538 (9th Cir. 1986). The Ninth Circuit determined that Rule 11 sanctions are appropriate under two circumstances: "where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Salsa, 822 F.2d 882, 885 (9th Cir. 1987). Prior to filing a complaint, an attorney has a duty to conduct a reasonable factual investigation. Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). A complaint that is filed for an improper purpose will not be sanctioned unless it is frivolous. Aetna Life Ins. Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1476 (9th Cir. 1988). However, "[i]f a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be deemed to have been filed for an improper purpose and sanctionable." Id.

## III.   DISCUSSION

In support of their motion, Defendants argue that Millennium presented false facts to support legally frivolous claims and extort money from Defendants. Mot. at 9. Defendants further contend that Millennium sought and obtained defaults against Aric K. and Lynx based on "admittedly" improper service. Id. at 10. This order addresses these arguments in turn.

3

### A. False Allegations

Defendants contend that, contrary to Millennium's allegations, Beaman was aware that the JPMC and BOFA accounts were opened, and that the BOFA account was being used for Hacking Solutions clients and accounts that were under his charge and supervision. Id. Defendants argue that because of these false allegations, Millennium's claims are legally frivolous and filed for an improper purpose. Id. at 15–16.

Rule 11 sanctions are not warranted here. First, the issue at the crux of the amended complaint is that the BOFA account, not the JPMC account, was opened in secret. See Am. Compl. ¶¶ 12–20. Second, the only evidence that Defendants provide indicating that Beaman knew that the BOFA account was opened is an affidavit from Defendant Aric K.[2] Aric K. Decl. (dkt. 60-3). Rule 11 is an "extraordinary remedy"; that Aric K.'s affidavit conflicts with Millennium's allegations does not warrant sanctions. See Operating Eng'rs, 859 F.2d at 1345; cf. Magic Leap, Inc. v. Bradski, No. 16-cv-02852 NC, 2017 WL 7243566, at *1 (N.D. Cal. 2017) ("[A] dispute of fact alone is not sufficient to demonstrate that an attorney should be sanctioned for misconduct.").

Millennium's allegations regarding the BOFA account are not frivolous, because there is an "arguable basis" in fact that Beaman did not know about the BOFA account. Neitze v. Williams, 490 U.S. 319, 325 (1989); see Am. Compl. ¶¶ 12–20. Defendants were responsible for processing payment for Hacking Solutions vendors through the JPMC account. Am. Compl. ¶¶ 14, 18. However, when the vendors were not being paid, they began contacting Beaman about the lack of payment. Id. ¶ 18. Beaman then contacted Lynx accounting manager Cathy Metz, who then informed Beaman that Aric K. and Aric D. "were issuing themselves money from the Bank of America account [they had] opened under Hacking Solutions['] name." Id. ¶ 19. Defendants allegedly stole $87,657.65 from the unauthorized BOFA account. Id. ¶ 16. Beaman questioned former Lynx CEO Gina

---

[2] Although Defendants' counsel Robert Bodzin states that he "provided information to Plaintiff to confirm that Mr. Beaman absolutely knew about the BOFA account," this information is solely based on Defendants' assertions. See Bodzin Decl. (dkt. 60-2) ¶ 6; Bodzin Decl. Ex. 2 ("My clients have advised that Mr. Beaman absolutely knew about BOFA account . . . .").

Mahin, Aric K., and Aric D. after learning that Defendants were allegedly "stealing, embezzling, and committing misrepresentation." Id. ¶ 21. Mahin then instructed Aric D. to return the money to Millennium and Beaman. Id. Because there is an arguable basis in fact that Millennium and Beaman did not know about the BOFA account or that its funds were not being used to pay vendors, Millennium's complaint is not frivolous.[3]

Moreover, an attorney has a duty to conduct a reasonable factual investigation before filing a complaint. Christian, 286 F.3d at 1127. "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." Id. Because the BOFA account was allegedly opened by Defendants, Hubins' ability to perform an extensive inquiry was limited. See Hubins Dec. Ex. B. (dkt. 54-2) (noting that Millennium and Hubins did not have "the exact names on the [BOFA] account [because] [it] was opened by [Defendants]"). Under these circumstances, it was reasonable for Hubins to perform an inquiry into the documents he had access to—the JPMC account application signed by Beaman and Aric D., the email correspondence between Lynx's JPMC bank relationship representative Mary Kwong and Defendants, and emails between Hubins and Bodzin. See Hubins Decl. Ex. 1 (dkt. 62-1); Hubins Decl. Ex. 2 (dkt. 62-2). As such, Hubins conducted an objectively reasonable inquiry into the facts and law prior to filing Millennium's complaint.

Accordingly, because Millennium's amended complaint was not frivolous and Hubins performed a reasonable factual investigation prior to filing, Rule 11 sanctions are not warranted on this basis.

---

[3] Defendants argue that Millennium filed the complaint for the improper purpose of extorting Defendants. Mot. at 15–16. Because Millennium's complaint is not frivolous and there is no demonstrated "persistent pattern of clearly abusive litigation activity," Millennium's conduct is not sanctionable. Aetna Life Ins. Co., 855 F.2d at 1476; see also Townsend, 929 F.2d at 1362 ("[C]omplaints are not filed for an improper purpose if they are non-frivolous.").

### B. Service of Process and Motion for Default

Defendants further argue that Millennium should be sanctioned because it falsely represented that it had properly served Aric K. and Lynx and requested default based on that improper service. Mot. at 11. However, there was a genuine legal issue as to whether service was proper, and whether the default should be vacated. See Opp'n (dkt. 61) at 7–8. The motion for entry of default was therefore not improper, because Millennium genuinely believed that service upon Aric K. and Lynx had been effected.[4] Id. Because Millennium had a reasonable basis to seek default (and, in any case, that default has now been vacated), Rule 11 sanctions are not warranted on this basis either.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for sanctions.

**IT IS SO ORDERED.**

Dated: April 21, 2023

CHARLES R. BREYER
United States District Judge

---

[4] Millennium's counsel did file a Case Management Statement stating that the Defendants were not served. Dkt. 26. However, this does not mean that service was in fact improper. Rather, it indicates that proper service was at issue, the subject of the parties' contentions in their briefing on the now-moot motion to vacate. See Amended Motion to Vacate (dkt. 52) at 2.

6