IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM FRANCHISE GROUP, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ARIC K. PERMINTER, et al.,<br><br>        Defendants. | Case No. 21-cv-08684-CRB<br><br>**ORDER GRANTING MOTION FOR SERVICE BY PUBLICATION** |

       Plaintiff Millennium Franchise Group ("Millennium") brings various causes of action against Defendants Aric K. Perminter ("Aric K."), Aric D. Perminter ("Aric D."), and Lynx Technologies Partners ("Lynx") stemming from alleged embezzlement. First Am. Compl. (dkt. 11). After a prior motion to serve Aric D. by publication was denied, see dkt. 58, Millennium renews its motion. See Mot. (dkt. 64). Finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court GRANTS Plaintiff's motion.

       While the Court's prior order held that Millennium had failed to exercise "reasonable diligence" in its attempts to serve Aric D., the Court is satisfied that Millennium has now taken "those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978). This includes multiple attempts at mail and personal service, requests for Aric D.'s address from his attorney and his father (and co-defendant), and exhaustive internet and records searches. See Hubins Decl. (dkt. 64-1) ¶¶ 5–20.

       Though service by publication is proper, the Court takes issue with Millennium's

suggestion of the East Bay Express as the publication "most likely to give actual notice to [Aric D.]." Mot. ¶ 3. Nothing in Millennium's investigation of Aric D. suggests that he lives in California; service was attempted in New York and Pennsylvania, and the best clue as to Aric. D.'s current whereabouts, his LinkedIn profile, lists his city as Phillipsburg, New Jersey. See Hubins Decl. ¶¶ 5–8, 14. While "it is generally recognized that service by publication rarely results in actual notice," Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392–93 (1988), and Millennium assumes that Aric D.'s attorney will notify him once service by publication is effected, see Hubins Decl. ¶ 21, California law nonetheless requires that the summons shall be published in "a named newspaper . . . that is most likely to give actual notice to that party." Cal. Code Civ. Proc. § 415.50(b). That section provides that "[i]f the party to be served resides or is located out of state," which Aric D. very likely does, then the newspaper "most likely to give actual notice to that party" may be located out of state, as well. Id.

      Accordingly, Millennium's motion for service by publication is GRANTED. The summons shall be published in a named newspaper located in, around, or within a reasonable distance of Phillipsburg, New Jersey, with the ability to publish legal notices in accordance with California Government Code § 6064.

**IT IS SO ORDERED.**

Dated: April 26, 2023

_____
CHARLES R. BREYER
United States District Judge