IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM FRANCHISE GROUP, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARIC K PERMINTER, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-08684-CRB<br><br>**ORDER GRANTING MOTION TO WITHDRAW** |

Jeffery Hubins of law firm Schauman & Hubins moves to withdraw as counsel for Plaintiff Millennium Franchise Group, LLC. Hubins provides three bases for withdrawal: (1) Plaintiff's consent to the withdrawal, (2) Hubins's physical and mental health following a cancer diagnosis, and (3) a breakdown in the attorney-client relationship between Schauman & Hubins and Plaintiff. Mot. (dkt. 91) at 3. All three of these are valid reasons for counsel to withdraw, though none mandates withdrawal. See Cal. R. Prof. Conduct 1.16(b)(6) (client consent); id. 1.16(b)(8) (counsel's physical or mental health); id. 1.16(b)(1) and (4) (breakdown in attorney-client relationship).[1] The Court finds that all three reasons support withdrawal in this case.

Even if withdrawal is permitted under the Rules of Professional Conduct, a motion for withdrawal may be denied if withdrawal would prejudice litigants or delay resolution of the case. See CE Res., Inc. v. Magellan Grp., LLC, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009). There does not appear to be prejudice here. Plaintiff (the client) and

---

[1] The California Rules of Professional Conduct provide the professional standards for lawyers in this District. See Civ. L.R. 11-4(a)(1).

Defendants (through counsel) have both consented to the withdrawal. Hubins Decl. (dkt. 92) ¶¶ 3–4. Schauman & Hubins has provided Plaintiff with its electronic case file and will provide Plaintiff access to its physical case file. Mot. at 5. Nor is withdrawal likely to delay litigation. Discovery is nearly complete, with only Plaintiff's deposition outstanding. Id. The Court thus sees no risk of prejudice or delay in granting this motion.

Accordingly, the Court **GRANTS** Schauman & Hubins's motion to withdraw as counsel with the following conditions:

1. Plaintiff, a limited liability corporation, may not appear pro se. Civ. L.R. 3-9(b); Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). The Court therefore **ORDERS** Plaintiff to file a substitution of counsel within 30 days of this order. See, e.g., Optrics Inc. v. Barracuda Networks Inc., 17-cv-4977-RS, 2020 WL 1815690, at *3 (N.D. Cal. Feb. 28, 2020). Failure to do so may result in dismissal of this action for failure to prosecute.

2. Pursuant to Civil Local Rule 11-5(b), the Court **ORDERS** that any papers filed in this case be served on Schauman & Hubins and forwarded to Plaintiff until Plaintiff files a substitution of counsel.

**IT IS SO ORDERED.**

Dated: March 17, 2025

CHARLES R. BREYER
United States District Judge