IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM FRANCHISE GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARIC K PERMINTER, et al.,<br><br>Defendants. | Case No. 21-cv-08684-CRB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Defendants move to dismiss this action for failure to prosecute following the withdrawal of Plaintiff's counsel and Plaintiff's failure to obtain new counsel within the deadline imposed by the Court. The Court granted Plaintiff's counsel's motion to withdraw on March 17, 2025, and gave Plaintiff 30 days to file a substitution of counsel. Withdrawal Order (dkt. 93) at 2. The Court expressly informed Plaintiff that failure to file a substitution of counsel "may result in dismissal of this action for failure to prosecute." Id. On Plaintiff's request, the Court then granted Plaintiff a twenty-day extension to file a substitution of counsel. Extension Order (dkt. 95) at 1. The Court again warned Plaintiff: "Failure to file a substitution of counsel by May 7, 2025 may result in dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Id.

When Plaintiff failed to file a substitution of counsel on May 7, Defendants moved to dismiss. MTD (dkt. 96). Plaintiff, however, notified the Court that it had identified new counsel and expected to have representation finalized by May 9, 2025. Beamon Letter (dkt. 97). But May 9 came and went without the filing of any substitution of counsel. Accordingly, the Court instructed Plaintiff to file a substitution of counsel by May 22,

1   2025—the date that Plaintiff's opposition to Defendants' motion would be due—or else
2   "the Court will dismiss this matter for failure to prosecute under Federal Rule of Civil
3   Procedure 41(b)." Order re: Failure to Prosecute (dkt. 100) at 1 (emphasis in original).
4         May 22 has now passed, and Plaintiff has still not filed a substitution of counsel.
5   Plaintiff has repeatedly failed to comply with the Court's orders to obtain new counsel and
6   move this litigation along. Indeed, as Defendants explain in their supplemental brief in
7   support of their motion to dismiss, Plaintiff delayed this case long before Plaintiff's
8   counsel withdrew by failing to timely respond to interrogatories (in April 2024), failing to
9   meet and confer with Defendants as to discovery disputes (in June 2024), and failing to
10  meet and confer with Defendants as to case management conference statements (in
11  September 2024 and January 2025). Supp. Br. (dkt. 101) at 2–3. This pattern of delay on
12  Plaintiff's part, which has culminated in Plaintiff's failure to file substitution of counsel
13  within the (twice-extended) time set by the Court, warrants dismissal. See Link v. Wabash
14  R.R. Co., 370 U.S. 626, 634–65 (1962) (courts appropriately consider earlier delays in
15  determining whether to dismiss for failure to prosecute); Opta Sys., LLC v. Daewoo Elecs.
16  Am., 483 F. Supp. 2d 400, 404–06 (D.N.J. 2007) (dismissing action when corporate
17  plaintiff failed to retain substitute counsel despite repeated warnings).
18        Courts within the Ninth Circuit consider five factors in determining whether to
19  dismiss an action under these circumstances with or without prejudice: (1) "the public's
20  interest in expeditious resolution of litigation," (2) "the court's need to manage its docket,"
21  (3) the risk of prejudice to the defendants," (4) "the public policy favoring disposition of
22  cases on their merits," and (5) "the availability of less drastic sanctions." Moss v. City of
23  Los Angeles, 663 F. App'x 529, 530 (9th Cir. 2016) (citation omitted). As a general rule,
24  the first two factors favor dismissal with prejudice, while the fourth favors dismissal
25  without prejudice. Id. Thus, the Court's inquiry "focus[es] on whether any aspect of the
26  delay prejudiced the defendants." Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983).
27  Though "[t]he longer the delay, the more likely prejudice becomes," delay itself is not
28  prejudice. See Nealy v. Transp. Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir.

2

1980). Prejudice usually entails something like "loss of evidence [or] loss of memory by a witness," id.; costs associated with delay warrant dismissal with prejudice only if they are "excessive." Grine v. Coombs, 214 F.R.D. 312, 367 (W.D. Pa. 2003).

Defendants point out that Plaintiff's delay—both in discovery and in failing to substitute counsel—has led Defendants to incur increased costs and legal fees. Supp. Br. at 2–3. Though undesirable, these increased costs and fees do not constitute the kind of prejudice to defendants that would justify dismissal with prejudice. Moreover, Defendants can move to recoup their costs and fees from Plaintiff—a less drastic sanction than dismissal with prejudice. See Moss, 663 F. App'x at 530 (courts must consider less drastic sanctions). Defendants do not identify any irreversible prejudice from Plaintiff's delay.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the action without prejudice. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: May 23, 2025

CHARLES R. BREYER
United States District Judge